E-FILED
Tuesday, 29 January, 2013  02:23:45 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MICHAEL HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  12-cv-1458 |
| | ) |
| NEDVA R. CHANDLER, | ) |
| | ) |
| Defendant. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's request for reconsideration of the Court's dismissal of his 28 U.S.C. § 2254 Petition. (Doc. 6). For the reasons stated below, the Motion is denied.

On November 7, 2013, the Court reviewed Petitioner's § 2254 Petition under Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts, and, finding that it was plainly without merit, dismissed the Petition. (Doc. 4). As the Court explained in its previous Order:

> Petitioner asserts that his current imprisonment is unlawful because his sentence expired on July 22, 2012. Petitioner was convicted in McLean County of unlawful restraint and domestic battery, and was sentenced on May 7, 2010 to a term of three years' imprisonment and one year of mandatory supervised release. (Doc. 1 at 5). …Petitioner's term of imprisonment was originally set to end on or about January 24, 2013. Apparently as a result of good conduct credit, Petitioner was released from prison on July 22, 2011 to begin serving his one-year term of supervised release…. His term of supervised release was therefore set to end on July 24, 2012. …[O]n October 16, 2012, Petitioner was determined to have violated two terms of his supervised release on January 10, 2012, and he was required to serve another portion of his sentence in prison as a result of the revocation of good conduct credit. (Doc. 1 at 8-9). His new projected release date has been given as July 24, 2013. (Doc. 1 at 9).

>Petitioner's argument appears to be that because he had already served six months of his supervised release when he committed the violation, there were only six months remaining on his supervised release term to be revoked, and that the maximum sentence that could be imposed upon revocation was therefore an additional six months.

(Doc. 4 at 2-3). After reviewing the applicable statutes, the Court determined that, upon the revocation of his supervised release, Petitioner could be sentenced for the 195 days of supervised release remaining to be served as of January 10, 2012, under 730 ILL. COMP. STAT. § 5/3-3-9(a)(3)(i)(B), as well as the additional 365 days provided by § 5/3-3-9(a)(3)(i)(B), because he had received over a year of good conduct credit against his sentence; Petitioner was thus eligible for an additional sentence of up to 560 days. (Doc. 4 at 4). As Petitioner was sentenced to 280 days, there was simply no basis upon which to find a violation of his rights. The Court also noted that even if the 280 days between January 10, 2012 and October 16, 2012, the period of imprisonment during the pendency of Petitioner's supervised release revocation proceedings were *not* tolled pursuant to § 5/3-3-9(b), Petitioner's 280-day sentence was exactly that which was allowed under the above statutes and could not constitute a violation of his rights. (Doc. 4 at 4 n. 4).[1]

In his Motion for Reconsideration, Petitioner claims that the Court failed to properly interpret the relevant statutes. (Doc. 6). Specifically, he argues that the Court erroneously included Petitioner's term of imprisonment under § 5/3-3-

---

[1] The Court, reviewing this Order, notes a typographical error that did not affect the outcome of the Order: at the end of the second line, the date given should be October 16, 2012, not October 16, 2013. (Doc. 4 at 4 n. 4).

9(a)(3)(i)(B).[2] (Doc. 6 at 1-2). The Court will again attempt to explain how § 5/3-3-9(a)(3)(i)(B) applies in Petitioner's case. In full, the text of § 5/3-3-9(a)(3)(i)(B) reads:

> (B) Except as set forth in paragraph (C) [relating to sex offenders], for those subject to mandatory supervised release under paragraph (d) of Section 5-8-1 of this Code, [1] the recommitment shall be for the total mandatory supervised release term, less the time elapsed between the release of the person and the commission of the violation for which mandatory supervised release is revoked. [2] The Board may also order that a prisoner serve up to one year of the sentence imposed by the court which was not served due to the accumulation of sentence credit;

The Court has inserted the bracketed numerals for easier reference.

The first provision, marked with "[1]" results in a calculation of 195 days, which is "the total mandatory supervised release term, less the time elapsed between the release of the person [July 24, 2011], and the commission of the violation for which mandatory supervised release is revoked [January 10, 2012]." In other words, Petitioner's "total mandatory supervised release term" was 365 days; subtracting the 170 days of supervised release Petitioner had served between July 24, 2011 and January 10, 2012 results in a remaining term of 195 days under this portion of the subsection. Petitioner indeed received the "day-for-day credit…for all time successfully completed on MSR" as he seeks. (Doc. 6 at 2). His available term of imprisonment upon revocation was reduced by the 170 days of supervised release he had already served. There is simply no other way to calculate this period of time.[3]

---

[2]   Petitioner actually cites § 5/3-3-9(B), which does not technically exist, and § 5/3-3-9(b) does not contain the text Petitioner quotes, which is found at § 5/3-3-9(a)(3)(i)(B).

[3]   Petitioner seems to be under the impression that he was actually required to serve only 6 months of his 12-month supervised release term, and that this results

3

Under the second portion of § 5/3-3-9(a)(3)(i)(B), if an offender was released early due to the accumulation of good conduct credit, he can be ordered to serve that credited portion of his original sentence upon the revocation of supervised release, up to one year. Therefore, because Petitioner had received more than one year of good conduct credit (approximately 18 months), he could be ordered to serve a full year of that credited time upon revocation of his supervised release.

Petitioner belatedly throws in a challenge to the validity of his violation hearing and the finding that he was in possession of a dangerous weapon, both on due process and Second Amendment grounds. (Doc. 6 at 2-3). These claims were not included in Petitioner's initial habeas corpus petition and are not sufficiently developed for review by the Court.[4] They should be presented in a separate, fully-developed § 2254 Petition if Petitioner wishes to pursue them, and the Court's previous dismissal of his § 2254 Petition should not bar his ability to do so, as that dismissal was based only on the fact that Petitioner's initial arguments relating to the calculation of his supervised release are meritless.

---

in a calculation that he only had 12 days remaining on his term of supervised release when he committed his violation. (Doc. 6 at 2). However, Petitioner cites no authority in support of this idea as applied to supervised release, which appears to be imported from the concept of good time credit during imprisonment, and the Court has found none.

[4]    Petitioner also mentions the fact that he was initially charged with attempted murder, aggravated battery, and unlawful use of a weapon, but that those charges were dropped. (Doc. 6 at 2-3). As Petitioner's revocation of his supervised release was not based on these dropped charges, but instead on his possession of a weapon, the fact that they were dropped is irrelevant to Petitioner's claim that he is entitled to release.

IT IS THEREFORE ORDERED that Petitioner's request for reconsideration of the Court's dismissal of his 28 U.S.C. § 2254 Petition (Doc. 6) is DENIED. CASE TERMINATED.

Entered this <u>29th</u> day of January, 2013.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                          United States Senior District Judge